UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEVELAND COLLINS,

        Plaintiff,

Case No. 1:05-CV-666

Hon. Gordon J. Quist

vs.

MUSKEGON COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.
                                  /

**REPORT AND RECOMMENDATION**

This matter is now before the court on the following motions:

1. Defendants Muskegon County Sheriff's Department, George Jurkas, Deputy Richard Johnson, and Muskegon County Board of Commissioners' motion for judgment on the pleadings (docket no. 63);

2. Defendants My Auto Import Center and John Lynch's motion for joinder and/or motion for judgment on the pleadings (docket no. 67); and,

3. "Plaintiff's motion & response opposing defendants motion(s) for judgment of the pleadings; and plaintiff's motion for summary judgment (full/partial) on liability -- oral argument requested" (docket no. 79).

The court will resolve these motions without oral argument pursuant to W.D. Mich. LCivR 7.2(d).

        **I.**        **Introduction**

This case arises from the alleged towing and impoundment of his 1993 Lexus ES 300 automobile ("the vehicle") on March 26, 2004. Plaintiff filed the original complaint while incarcerated in the Michigan Department of Corrections, using a form for civil rights actions under

42 U.S.C. § 1983. Plaintiff has filed an eight count amended complaint seeking monetary damages and injunctive relief. The amended complaint purports to be brought pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. §§ 1983 and 1985.

Plaintiff's 102-paragraph pro se complaint is redundant, argumentative and largely incomprehensible. Nevertheless, the court has a duty to read this pro se complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F.2d 1220, 1223-24 (6th Cir. 1987).

Plaintiff has named seven defendants. Four defendants are affiliated with Muskegon County: Muskegon County Sheriff's Department ("Sheriff's Department"); Sheriff George Jurkas ("Sheriff Jurkas"); Deputy Richard Johnson ("Deputy Johnson"); and, the Muskegon County Board of Commissioners ("Commissioners"). At times, the court will refer to these four defendants collectively as "the Government defendants." Plaintiff also named three non-governmental defendants: My Auto Imports Center ("MAI"); John Lynch ("Lynch"); and, Robert Campbell, d/b/a Campbell's Automotive and Towing ("Campbell"). Defendant Campbell has been dismissed from the suit.

Plaintiff makes the following allegations. He delivered the vehicle to MAI in December 2003. Amend. Compl. at p. 2. MAI misplaced the keys to the vehicle. *Id.* Plaintiff provided replacement keys in "mid-January 2004." *Id.* MAI completed an "Additional Service Request" form on January 21, 2004, which appears to be an estimate of repair work for the vehicle involving 15 line-items and charges in excess of $2,000. *See* Plaintiff's Supporting Documents (docket no. 81). Plaintiff alleges that he "personally delivered payment" on February 24, 2004 "for diagnostic services and automotive maintenance, repairs and services." Amend. Compl. at p. 2. An invoice from MAI reflects that a $71.00 labor charge was paid in cash on that date. *See* Plaintiff's

Supporting Documents. Several portions of the invoice have been redacted by plaintiff. *Id.* The invoice includes a diagnosis as follows: "Engine concern - vehicle [needs] new engine - looks like engine was run out of oil." *Id.*

Plaintiff makes no allegations of any act that transpired from the time he paid the bill on February 24, 2004 until March 25, 2004. Plaintiff has submitted a document which reflects that defendant Campbell towed the vehicle from MAI on March 26, 2004. *See* Plaintiff's Supporting Documents. The document reflects that the vehicle was determined to be abandoned, towed to a storage lot and impounded. *Id.*

Plaintiff's amended complaint contains vague references to a state court proceedings related to the towing of his vehicle. The record reflects that plaintiff filed a "Petition contesting impoundment of motor vehicle" in the 60th District Court in Muskegon County. *See Cleveland Collins v. Muskegon County Sheriff's Department*, No. D.C. 04-044552-GZ.[1]

On April 23, 2004, the 60th District Court entered an order in favor of plaintiff:

> The described vehicle was not properly deemed abandoned or removed. IT IS ORDERED that the vehicle shall be immediately released to the owner and the police agency shall be responsible for all accrued charges.

*See* Plaintiff's Supporting Documents.

However, the district judge's order was reversed on appeal to the Muskegon Circuit Court:

> Petitioner took his vehicle to My Auto Imports ("MAI") for a diagnosis. After failing to pick up the vehicle for over two months, MAI arranged to have it hauled away by a towing company. MAI contacted the Respondent [Sheriff's Department] to advise of this. A deputy went to MAI and observed the vehicle being

---

[1] Various papers from this state court suit are attached as exhibits to the Government defendants' brief and included in Plaintiff's Supporting Documents.

towed away. The deputy noted that the plate on the vehicle was improper and that the vehicle identification number traced back to the Petitioner [plaintiff]. It was not stolen. He entered information on the LEIN that the vehicle had been impounded. (Trial Transcript pp. 10-11).

Petitioner is contesting the designation of his vehicle as being abandoned. He contends that it is not legally abandoned until a notice is affixed to it by the Respondent and 48 hours have elapsed. No such notice was affixed in this case and, thus, Petitioner claims it was not abandoned.

Indeed, if Respondent was the entity which arranged for the vehicle to be towed, the 48-hour notice would be required. MCL 257.252a(1) and (3). However, the towing was done from private property at the direction of MAI which was neither the owner of the car nor a police agency. Accordingly, the provisions of MCL 257.252(c), not 2575.252(a) were applicable. Under that section of the statute, the vehicle is abandoned if not claimed within seven (7) days after MAI notified Petitioner that the vehicle had been taken into custody. *Id.* at (4). The transcript furnished with this appeal does not contain any evidence shedding light on whether the car was unclaimed for the seven-day period. If it was, then it was abandoned according to the statute.

The case is remanded to the trial court to develop a factual record for [sic] which it can be determined whether the vehicle was abandoned as set forth in MCL 257.252(c)(4).

**IT IS SO ORDERED**.

*Cleveland Collins v. Muskegon County Sheriff's Department*, Muskegon Circuit Court Case No. 04-43115-AV (Opinion and Order on Appeal) (Oct. 17, 2004).

On remand, the district court dismissed plaintiff's complaint with prejudice and found "vehicle properly deemed abandoned." *Cleveland Collins v. Muskegon County Sheriff's Department*, No. D.C. 04-044552-GZ (Civil Disposition June 21, 2006) (attached to Government defendants brief) (docket no. 85).

### II. Plaintiff's claims

Plaintiff's amended complaint contains eight separate "claims." Claims Three ("Judicial finding & joinder of parties") and Five ("mitigation of damages") do not allege causes

of action. The remaining claims can be divided into six separate areas:

**Fourteenth Amendment.** Plaintiff alleges that the towing and impoundment of the vehicle violated his procedural due process rights under the Fourteenth Amendment. Plaintiff also alleges that the Governmental defendants promulgated defective departmental rules and regulations with respect to the statutory notice and hearings. *See* Claims One, Four and Six.

**Fourth Amendment.** Plaintiff alleges that his vehicle was seized in violation of the Fourth Amendment. *See* Claim Six.

**Fifth Amendment.** Plaintiff alleges that his vehicle was seized in violation of his procedural due process rights under the Fifth Amendment. *Id.*

**Conspiracy**. Plaintiff alleges that defendants violated 42 U.S.C. § 1985. *Id.*

**Unconstitutional statute**. Plaintiff alleges that the towing statute is unconstitutional on its face. *See* Claim One.

**State law claims**. Plaintiff alleges a number of state law claims against defendants, including: unjust enrichment (Claim Two); violation of the Michigan Consumer Protection Act (Claim Two); violation of the Michigan Deceptive Trade Practices Act (Claim Two); breach of fiduciary duty (Claim Four); malicious initiation of process (Claim Two); gross negligence (Claims Four and Seven); trespass (Claim Eight); tortious interference with a business relationship (Claim Seven); and, conversion (Claim Eight).

Plaintiff seeks actual damages in the amount of $325,000.00, punitive damages and various forms of injunctive relief.

### III.   Legal standard

The Government defendants have styled their dispositive motion as one for judgment

5

on the pleadings. The other defendants have apparently joined in this motion. A motion for judgment on the pleadings can be brought pursuant to Fed. R. Civ. P. 12(c) "[a]fter the pleadings are closed but within such time as not to delay the trial." Pleadings include "a complaint and an answer." Fed. R. Civ. P. 7(a). None of the remaining defendants have filed an answer to the amended complaint[2]. Generally, a Rule 12(c) motion is considered premature if made before an answer is filed. *See Doe v United States,* 419 F.3d 1058 (9th Cir. 2005); *Progressive Casualty Ins. Co. v. Estate of Crone,* 894 F.Supp. 383 (D. Kansas 1995).

The Government defendants' brief also states that they seek dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). It appears to the court that defendants' dispositive motions should initially be evaluated under that court rule, since it is not improper to treat a premature, pre-answer Rule 12(c) motion as a motion to dismiss under Rule 12(b)(6), *see Warzon v Drew,* 60 F.3d 1234 (7th Cir. 1995), and the motions are generally treated the same. *See Vickers v Fairfield Medical Center,* 453 F.3d 757, 761 (6th Cir. 2006); *Cleveland v Caplaw Enterprises,* 448 F.3d 518, 521 (2nd Cir. 2006); *Park University Enterprises, Inc. v American Casualty Co.,* 442 F.3d 1239, 1244 (10th Cir. 2006). Finally, because both parties have supplemented the record with matters outside of the pleadings, this motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set

---

[2]The amended complaint was filed on March 6, 2006.

forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### IV.   Michigan's statutes regarding abandoned vehicles

The abandoned vehicle statute in effect at the time of the occurrence, MCL § 257.252c, provided in pertinent part as follows:

> (1) When a vehicle is removed from private property at the direction of a person other than the registered owner of the vehicle or a police agency, the custodian of the vehicle immediately shall notify the police agency from whose jurisdiction the vehicle was towed.  The custodian shall supply that information which is necessary for the police agency to enter the vehicle into the law enforcement information network.
>
> (2) Upon receipt of the notification described in subsection (1), the police agency immediately shall do all of the following:
>
> (a) Determine if the vehicle has been reported stolen.
>
> (b) Enter the vehicle into the law enforcement information network.
>
> (3) The owner of the vehicle removed as described in subsection (1) may obtain release of the vehicle by paying the accrued towing and storage fees to the custodian of the vehicle.  Upon release of the vehicle, the custodian shall notify the police agency of the disposition of the vehicle.
>
> (4) If the vehicle described in subsection (1) is not claimed by the owner within 7 days after the police agency has been notified by the custodian that it has been taken into custody, the vehicle is deemed abandoned and the procedures

prescribed in section 252a(4)(c) to (9) shall apply.

MCL § 257.252c (footnote omitted).[3]

The statutory scheme provides a post-deprivation remedy for an owner contesting a determination that the vehicle is abandoned. Specifically, MCL § 257.252a(5) provides that:

> The registered owner may contest the fact that the vehicle is considered abandoned or the reasonableness of the towing fees and daily storage fees by requesting a hearing. A request for a hearing shall be made by filing a petition with the court specified in the notice within 20 days after the date of the notice.

### V.  Discussion

### A.  Collateral Estoppel

Plaintiff filed a petition contesting both the fact that the vehicle was considered abandoned and the reasonableness of the towing and storage fees. As previously discussed, the Muskegon Circuit Court found that defendant MAI arranged to have the vehicle towed pursuant to MCL se 257.252c. On remand, the 60th District Court held that the vehicle was properly deemed abandoned and dismissed plaintiff's petition contesting impoundment with prejudice. Defendants contend that plaintiff is collaterally estopped from re-litigating these issues in the present federal suit.

The Sixth Circuit has defined collateral estoppel (or issue preclusion) as follows:

> Collateral estoppel provides that "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Put another way, the doctrine dictates that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). This Court has established

---

[3] This statute was amended on September 29, 2005. *See* P.A. 2005, No. 142.

>a four-part test for determining whether and when collateral estoppel bars relitigation of an issue:
>
>>1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;
>>
>>2) determination of the issue must have been necessary to the outcome of the prior proceeding;
>>
>>3) the prior proceeding must have resulted in a final judgment on the merits; and
>>
>>4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Aircraft Braking Systems Corp. v. Local 856, Intern. Union, United Auto., Aerospace and Agr. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996).

The present federal suit involves claims brought under state and federal law. The state law claims allege that defendants improperly impounded plaintiff's vehicle under Michigan's abandoned vehicle statutes. This question was answered by the state courts, which found that the vehicle was properly deemed abandoned and dismissed plaintiff's petition contesting the impoundment. The federal law claims allege that defendants violated plaintiff's federal constitutional and statutory rights, and, that Michigan's statutes regulating the impoundment of vehicles is unconstitutional.

The court concludes that the doctrine of collateral estoppel bars plaintiff from re-litigating the state law claims addressed in the state court, i.e., whether defendants illegally impounded his vehicle. Plaintiff's petition filed in the 60th District Court contested the legality of the impoundment of his vehicle. On June 21, 2006, that court found that plaintiff's vehicle was properly deemed abandoned under the applicable statutes. This decision meets the collateral estoppel or claim preclusion test. First, the legality of the impoundment of plaintiff's vehicle was

the precise issue raised in the state court. Second, the determination of this issue was necessary to the state court proceedings; indeed, the determination of this issue was the sole purpose of the state court proceeding. Third, the state proceedings resulted in a final judgment. Plaintiff presents no evidence that he appealed the 60th District Court's June 21, 2006 decision. Fourth, plaintiff had a full and fair opportunity to litigate the issue in the state court proceeding. Accordingly, the doctrine of collateral estoppel operates as a bar to plaintiff's claims that defendants acted improperly when they impounded his vehicle.

### B. Federal Constitutional and statutory claims

#### 1. Fifth and Fourteenth Amendment claims

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

First, plaintiff contends that the statute violated his due process rights under the Fifth and Fourteenth Amendments because he did not receive a pre-seizure hearing. Plaintiff contentions are without merit. As an initial matter, plaintiff has no Fifth Amendment claim against defendants. "The Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Bybee v. Paducah*, 46 Fed. Appx. 735, 737 (6th Cir. 2002), *citing Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981) and *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977).

Plaintiff's Fifth Amendment due process claim is a nullity, and redundant of his Fourteenth Amendment due process claim. *See Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 n. 8 (6th Cir. 2000).

Next, plaintiff's Fourteenth Amendment due process claim is without merit. "[I]mpoundments of automobiles do not require a predeprivation hearing because such process is not feasible." *Wagner v. Umpleby*, Nos. 97-3390, 97-3445, 1998 WL 385914 at *2 (6th Cir. July 2, 1998), *citing United States v. Von Neumann*, 474 U.S. 242, 250-51 (1986). An available post-impoundment remedy to challenge the temporary seizure and threatened permanent forfeiture satisfies procedural due process requirements. *See Ross v. Duggan*, 402 F.3d 575, 583 (6th Cir. 2004) ("*pre-seizure* hearings are *not constitutionally mandated*, as long as interested persons receive notice and a timely *post-seizure* opportunity to be heard prior to forfeiture") (emphasis in original); *Holstein v. City of Chicago*, 29 F.3d 1145, 1148 (7th Cir. 1994)("in instances in which a municipality tows an illegally parked car, the Due Process Clause does not demand that the municipality provide a predeprivation hearing to the owners of the illegally-parked cars").

The Michigan statute in effect at the time of this occurrence provided plaintiff with a prompt post-impoundment remedy. Plaintiff exercised that remedy. Accordingly, he has no claim under either the Fourteenth or Fifth Amendments.

### 2. Fourth Amendment claim

Plaintiff alleges that his vehicle was seized in violation of the Fourth Amendment. "The Fourth Amendment, made applicable to the States by the Fourteenth, guarantees the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Flatford v. City of Monroe*, 17 F.3d 162, 169 (6th Cir. 1994). "The Fourth

Amendment not only protects criminal suspects but also limits governmental intrusions in civil contexts." *Id.*  When a person challenges a seizure in a civil context, "the Fourth Amendment standard of reasonableness requires no more of government officials than that of due process of law." *Id.* at 170.  As previously discussed, due process of law does not require a pre-deprivation hearing.  *See* § V.B.1, *supra*.  Accordingly, defendants actions were reasonable for purposes of the Fourth Amendment.

### 3. Constitutional challenge

Plaintiff's constitutional challenge is set forth in Claim One at ¶ 17, in which he states that:

> The local and state ordinance and statute authorizing the ex parte seizure and tow of Plaintiff's vehicle on 3-26-04 are unconstitutional on their face because they do not require the county police officers who do the actual seizing and towing to comply with procedural safeguards, either pre-seizure or pre-towing.

As an initial matter, plaintiff does not identify the "local and state ordinance and statute" that he contends are unconstitutional.  Plaintiff's failure to identify the offending ordinances and statutes is sufficient grounds to dismiss his constitutional challenge.  *See* Fed. R. Civ. P. 8 ("[e]ach averment of a pleading shall be simple, concise and direct").

Nevertheless, the court will construe plaintiff's challenge as directed at both MCL § 257.252c and MCL § 257.252a, the two statutes that authorized defendants to tow and impound plaintiff's vehicle. Plaintiff has made a facial challenge to these statutes, claiming that the lack of a pre-deprivation hearing violates the constitutional guarantee of procedural due process.  A plaintiff making a facial challenge to a statute "must establish that no set of circumstances exists under which the [statute] would be valid."  *United States v. Salerno*, 481 U.S. 739, 745 (1987).  As the court previously discussed, § 257.252c does not violate the due process requirements of either the Fifth

or Fourteenth Amendments. *See* § V.B.1, *supra*. Under these statutes, the vehicle's owner has an opportunity to contest the seizure by filing a post-deprivation petition with the state court. *See* MCL § 257.252a. Indeed, plaintiff took advantage of this statute when he filed his unsuccessful petition in the 60th District Court. Accordingly, plaintiff's constitutional challenge is without merit and should be dismissed.

### 4. Conspiracy

Finally, in Claim Six, plaintiff alleges that

> On 3-26-04, Defendants exhibited a contravening and discriminatory design favoring one person over another based solely on false and conclusory material untruths alleged by Defendant Lynch.

Amend. Compl., Claim Six, ¶ 1. Plaintiff then states lists 42 U.S.C. § 1985 as one of the statutes violated by defendants. *Id.* at ¶ 2.

Plaintiff has not alleged which subsection of § 1985 applies to his situation. Reading plaintiff's complaint broadly, it appears that the only portion of § 1985 that could apply to plaintiff is § 1985(3), which prohibits a conspiracy "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws." *See* 42 U.S.C. § 1985(3).

> To demonstrate a private conspiracy under § 1985(3) the plaintiff must prove (1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. The plaintiff must also show the conspiracy was motivated by racial, or other class based animus.

*Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citations omitted).

Plaintiff's amended complaint does not allege, nor has he demonstrated by other evidence, the existence of a conspiracy motivated by racial or other class based animus to deprive

13

him of the equal protection of the laws. Furthermore, there is no evidence of wrongdoing on the part of defendants; the state court found that plaintiff's vehicle was properly deemed abandoned. Accordingly, plaintiff has failed to state a claim for conspiracy under § 1985.

## VI. RECOMMENDATION

I respectfully recommend that defendants' motions for judgment on the pleadings (docket nos. 63 and 67) be **GRANTED**, that plaintiff's motion for summary judgment (docket no. 79) be **DENIED**, and this action be dismissed.


Dated:  December 19, 2006                /s/ Hugh W. Brenneman, Jr.
                                         Hugh W. Brenneman, Jr.
                                         United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).