UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CLEVELAND COLLINS,

       Plaintiff,

v.                                                   Case No. 1:05-CV-666

MUSKEGON COUNTY SHERIFF'S         HON. GORDON J. QUIST
DEPARTMENT, et al.,

       Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the report and recommendation dated December 19, 2006, in which Magistrate Judge Brenneman recommended that Defendants' motions for judgment on the pleadings (which the magistrate judge treated as motions for summary judgment) be granted, that Plaintiff's motion for summary judgment be denied, and that the action be dismissed with prejudice. The magistrate judge concluded that Defendants are entitled to summary judgment because: (1) Plaintiff's state law claims based upon his allegations of improper towing and impoundment of his vehicle are barred by the doctrine of collateral estoppel, or issue preclusion, based upon the prior state proceedings, in which the 60th District Court found that Plaintiff's vehicle was properly deemed abandoned under the applicable statutes; (2) Plaintiff's Fifth Amendment claim failed because the Fifth Amendment's Due Process Clause governs the action of federal officials and Plaintiff's Fourteenth Amendment Due Process claim fails because no pre-deprivation hearing is required for impoundments of automobiles and the Michigan statute provided

Plaintiff with a prompt post-deprivation remedy, which Plaintiff pursued in state court; (3) Plaintiff's Fourth Amendment claim fails because due process does not require a pre-deprivation hearing; (4) Plaintiff's claim that the Michigan statutes that authorized Defendants to tow and impound Plaintiff's vehicle are unconstitutional fails because the statutes afford the vehicle owner the opportunity to contest the seizure by filing a post-deprivation petition with the state court; and (5) Plaintiff's conspiracy claim under 42 U.S.C. § 1985 fails because Plaintiff failed to allege or present evidence establishing the existence of a conspiracy and there is no evidence of any wrongdoing by Defendants because the state court found that Plaintiff's vehicle was properly deemed abandoned. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Plaintiff first addresses the magistrate judge's conclusion regarding collateral estoppel. First, he contends that the magistrate judge erred in not considering the fact that the Muskegon County Circuit Court did not reverse the order of the 60th District Court holding that Plaintiff's vehicle was not properly deemed abandoned or removed. Second, Plaintiff contends that the magistrate judge incorrectly concluded that Plaintiff's state law claims are barred by collateral estoppel because Plaintiff is currently appealing the 60th District Court's June 21, 2006, order, which concluded that Plaintiff's vehicle was properly deemed abandoned, to the Muskegon County Circuit Court. Neither argument is persuasive. With regard to Plaintiff's argument about the first district court order not being reversed, a review of that order and the circuit court's order, which remanded the case to the district court for development of a factual record to provide a basis for determining whether the vehicle was abandoned pursuant to M.C.L.A. § 257.252(c)(4), shows that the circuit court necessarily reversed the district court's order that Plaintiff's vehicle was not properly deemed

abandoned. In any event, there is no dispute that upon remand the district court determined that the vehicle was properly deemed abandoned and that the impoundment was thus valid. Plaintiff's argument regarding the pending appeal likewise has no effect upon the application of collateral estoppel to Plaintiff's state law claims, because "it is well established that a final trial court judgment operates as [a collateral estoppel] while an appeal is pending." *Commodities Exp. Co. v. United States Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992). Therefore, the 60th District Court's order supports the application of collateral estoppel.

With regard to his federal constitutional claims, Plaintiff continues to assert that the Michigan statute violates his right to due process because it does not provide for pre-deprivation notice and a hearing. However, as the magistrate judge correctly observed, a pre-deprivation hearing is not required, so long as the state provides for notice and a prompt hearing after the seizure. *See Ross v. Duggan*, 402 F.3d 575, 583 (6th Cir. 2004). Moreover, "impoundments of automobiles do not require a predeprivation hearing because such process is not feasible." *Wagner v. Umpleby*, Nos. 97-3390, 97-3445, at *2 (6th Cir. July 2, 1998) (per curiam). In the instant case, the statute provided for notice and a prompt post-impoundment remedy, which Plaintiff utilized. The fact that Plaintiff may not agree with the findings of the state court in concluding that his vehicle was properly deemed abandoned and impounded legally is of no consequence to the validity of the post-deprivation remedy. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 19, 2006 (docket no. 114) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants Muskegon County Sheriff's Department, George Jurkas, Deputy Richard Johnson, and Muskegon County Board of Commissioners' Motion For Judgment On The Pleadings (docket no. 63) and Defendants My Auto Import Center And John Lynch's Motion For Joinder And/Or Motion For Judgment On The Pleadings (docket no. 67) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Summary Judgment (Full/Partial) On Liability (docket no. 79) is **DENIED**.  This action is **dismissed with prejudice**.

This case is **concluded**.

Dated: February 1, 2007                                                  /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE